# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTE JAMAL SIMPSON,<br><br>          Petitioner,<br><br>v.<br><br>MOORE,<br><br>          Respondent. | Case No.: 21cv1763-CAB (NLS)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF No. 5]** |

  Petitioner is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising two claims and alleging that he has exhausted state court remedies. ECF No. 1 at 6-7. Before the Court now is Petitioner's Motion for Stay and Abeyance. ECF No. 5. In his motion, Plaintiff identifies four additional claims he wishes to raise in this Court and states that he was advised by a law firm to seek a stay and abeyance in this case while he returns to state court to exhaust those claims. *Id.* at 2.

  In response to the motion, the Court ordered additional briefing from Petitioner and a response from Respondent. ECF No. 7. The order requested that Petitioner file additional briefing regarding whether he sought the "stay and abeyance" procedure under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), or the "withdrawal and abeyance" procedure under

*King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009). *Id.* Petitioner filed a response and stated that he was seeking the "withdrawal and abeyance" procedure under *King*. ECF No. 12. The order further requested that Respondent file a response to Petitioner's request. Respondent filed a non-opposition to Petitioner's motion, stating that he does not oppose the stay, but reserves the right to oppose a future motion to amend the Petition to reassert the new claims on the basis that they do not relate back to the exhausted claims in the Petition and are thus, untimely. ECF No. 13.

Under the "withdrawal and abeyance" procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) asks the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while they return to state court to exhaust the unexhausted claims they wish to bring; and (3) the petitioner then later amends the petition to re-attach the newly-exhausted claims to the original petition. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under this procedure, Petitioner is not required to demonstrate good cause for his failure to timely exhaust. *Id.* at 1141. However, the petitioner will be able to amend his newly exhausted claims only if they are either timely under the statute of limitations or "relate back" to timely claims in the fully-exhausted petition, that is, share a "common core of operative facts" with the previously exhausted claims. *Id.* at 1142-43, quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005).

Petitioner's original petition asserts two claims: (1) the trial court erred by permitting an instruction for CALCRIM 418, which allowed the jury to convict on an incorrect burden of proof; and (2) there was insufficient proof to convict him, where Petitioner did not deny being at the residence of the murder but the only proof of him being involved in the altercation was testimony given by the accomplice. ECF No. 1 at 6-7. In Petitioner's motion for stay and abeyance, he does not explain the basis for the unexhausted claims, but attaches a letter from his counsel, which appears to outline the basis for at least some of the claims. ECF No. 12 at 3-14. At least some of these claims appear to be related to the testimony procured from the accomplice against Petitioner. *Id.* at 8-10.

Furthermore, Respondent does not oppose this request, stating that he reserves the right to oppose a future motion to amend the Petition to reassert the new claims on the basis that they do not relate back to the exhausted claims in the Petition.  At this juncture, the Court finds that it does not need to decide the ultimate question of whether the new unexhausted claims relate back.  *See Eubanks v. Espinoza*, No. 17CV0016 BEN (MDD), 2019 WL 4889734, at *5 (S.D. Cal. Oct. 3, 2019) ("The Court also finds it unnecessary to resolve [the relation back issue] now. After the unexhausted claims are withdrawn and exhausted, the parties are free to raise and brief such procedural matters, including but not limited to timeliness, relation back, procedural bars and equitable tolling.").  Under similar procedure postures where the Respondent does not oppose, courts within this district have granted the stay and abeyance.  *See id.* ("After initial cursory review of Petitioner's timeliness argument [], it appears that some of the unexhausted claims and/or subclaims currently contained in the mixed petition may ultimately relate back to timely claims. Additionally, in view of Respondent's lack of opposition to a stay under *Kelly/King* [], it appears unnecessary to conclusively resolve this matter at the present time."); *Benavides v. Montgomery*, No. 21-CV-1186-BAS-RBM, 2022 WL 102204, at *5 (S.D. Cal. Jan. 7, 2022), report and recommendation adopted, No. 21-CV-1186-BAS-RBM, 2022 WL 347611 (S.D. Cal. Feb. 4, 2022) (granting unopposed stay and abeyance request).  Thus, given the nature of exhausted and unexhausted claims, coupled with the non-opposition to this motion, the Court **RECOMMENDS** that the motion for stay and abeyance be **GRANTED** pursuant to *King*.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, under 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.  Any party may file written objections with the Court and serve a copy on all parties on or before **July 5, 2022**.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the Objections shall be served and filed on or before **July 12, 2022**.  The parties are advised that failure to file objections within the specific time may waive the right to

appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991). As noted above, Respondent has filed a non-opposition to Petitioner's motion. If Respondent wishes to waive the objections period, he may file a joint stipulation to waive the objections period, to allow the Court to rule upon this Report and Recommendation without further delay.

**IT IS SO ORDERED**.

Dated: June 28, 2022

Hon. Nita L. Stormes
United States Magistrate Judge