1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

11  DIONTE JAMAL SIMPSON,                    Case No.:  21cv1763-CAB-NLS
12                            Petitioner,
                                            **ORDER ADOPTING REPORT AND**
13  v.                                      **RECOMMENDATION [Doc. No. 14]**
                                            **AND GRANTING MOTION FOR**
14  MOORE,                                  **STAY AND ABEYANCE [Doc. No. 5]**
15                            Respondent.
16

17          On October 12, 2021, Petitioner Dionte Jamal Simpson ("Petitioner"), a state

18  prisoner proceeding pro se and in forma pauperis, filed a Petition for Writ of Habeas

19  Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1.] On January 24, 2022, Petitioner filed

20  a Motion for Stay and Abeyance.  [Doc. No. 5.] On June 28, 2022, Magistrate Judge Nita

21  L. Stormes issued a Report and Recommendation ("Report"), recommending that the

22  Court grant the motion for stay and abeyance pursuant to *King v. Ryan*, 564 F.3d 1133,

23  1141-42 (9th Cir. 2009)("*King*"). [Doc. No. 14.]  The Report also ordered that any

24  objections were to be filed by July 5, 2022. [Report at 3.] To date, no objection has been

25  filed, nor has there been a request for additional time in which to file an objection.

26          A district court's duties concerning a magistrate judge's report and

27  recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the

28  Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are

filed, the district court is not required to review the magistrate judge's report and recommendation.  The Court reviews de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*.

Here, neither party has timely filed objections to the Report.  Having reviewed it, the Court finds that it is thorough, well-reasoned, and contains no clear error. Accordingly, the Court **HEREBY ADOPTS** the Report [Doc. No. 14] in its entirety.  For the reasons stated in the Report, the Court **HEREBY ORDERS:**

1. Petitioner's motion for stay and abeyance [Doc. No. 5] is **GRANTED** pursuant to *King*.

2. By October 8, 2022, and for every three months thereafter (that is, by January 8, 2023; April 8, 2023; July 8, 2023; and so on), Petitioner must file a status report with this Court that details his progress in exhausting his unexhausted claims in the state courts.

3. Within 14 days of the state court's decision resolving his claims, Petitioner must file a motion requesting that the stay be lifted. Once Petitioner moves to lift the stay, Petitioner's obligation to file these status reports will end.

**IT IS SO ORDERED**.

Dated:  July 8, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge