UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONTE JAMAL SIMPSON,<br><br>                    Petitioner,<br><br>v.<br><br>MOORE, et al,<br><br>                    Respondent. | Case No.: 21cv1763-CAB-JLB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 42], OVERRULING OBJECTIONS, DENYING AMENDED PETITION, AND DENYING CERTIFICATE OF APPEALABILITY** |

      Dionte Jamal Simpson ("Petitioner"), is a state prisoner proceeding (with counsel) with an Amended Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 30.] This matter was referred to United States Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Burkhardt issued a Report and Recommendation ("Report") recommending the Court deny the petition. [Doc. No. 42.] Petitioner filed objections to the Report. [Doc. No. 43.]

      Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects

Petitioner's objections; (3) denies the Amended Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

# BACKGROUND

### I. Factual Background

The Report contains an accurate recital of the facts as determined by the California Court of Appeal, and the Court fully adopts the Report's statement of facts. [Doc. No. 42 at 2.] As Judge Burkhardt correctly noted, the Court presumes state court findings of fact to be correct.

### II. State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background. [Doc. No. 42 at 12.]

### III. Federal Procedural Background

On October 12, 2021, Petitioner filed a Petition for Writ of Habeas Corpus challenging his San Diego County Superior Court conviction. [Doc. No. 1.] On July 8, 2022, this Court granted Petitioner's motion for stay and abeyance. [Doc. No. 15.] On April 8, 2024, the stay was lifted, the case reopened, and Petitioner was granted leave to file an amended petition. [Doc. No. 29.] Now proceeding with counsel, on April 30, 2024, Petitioner filed an Amended Petition. [Doc. No. 30.] On July 1, 2024, Respondent filed a Response to the Petition, and lodged portions of the state court record. [Doc. Nos. 34-39.] On July 29, 2024, Petitioner filed a Traverse. [Doc. No. 41.]

On January 31, 2025, Magistrate Judge Burkhardt issued a Report recommending that the petition be denied. [Doc. No. 42.] On February 14, 2025, Petitioner filed an Objection to the Report. [Doc. No. 43.] In his objection, Petitioner argues that the magistrate judge erred in finding that the state court did not make an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence. Petitioner also requests an evidentiary hearing. Because

Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo*. 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

# DISCUSSION

## I. Legal Standard

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

## II. Analysis of Petitioner's Claims

In his petition, Petitioner claims that he should be granted habeas relief on the following grounds: (1) he was denied his federal right to due process where the People failed to present sufficient evidence to sustain Petitioner's conviction for conspiracy in Count 1 (Claim One); (2) he was denied his federal right to due process where the jury was permitted to consider overt acts after the conspiracy terminated and overt acts that were not proven to support Count 1 (Claim Two); (3) he was denied his federal right to due process where the reading of CALCRIM 418 permitted the jury to convict Petitioner based on a lesser burden of proof (Claim Three); (4) he was denied his federal right to due process where there was insufficient evidence to prove that Petitioner committed attempted murder in Counts 2 and 3 or assault with a semi-automatic firearm in Counts 4 and 5 (Claim Four); (5) he was denied his federal right to due process based on the cumulative prejudicial effect of the above errors (Claim Five); (6) he was denied his federal right to due process due to trial counsel's ineffective assistance of counsel (Claim Six); and (7) he was denied his federal right to due process due to prosecutorial misconduct (Claim Seven). [Doc. No. 30 at 15–18.]

  A.  Claims One and Four:  Insufficiency of Evidence Claims

In Claim One, Petitioner argues that his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments was violated because the People failed to present sufficient evidence to sustain his conviction for conspiracy (Count 1). [Doc. No. 30-1 at 14-21.] Judge Burkhard correctly found that the Court of Appeal's decision was neither contrary to, nor involved an unreasonable application of, the *Jackson*[1] standard; nor was it based on an unreasonable determination of the facts in light of the evidence presented.  [Doc. No. 42 at 52.]  In his objections, Petitioner argues he properly asserted

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

and exhausted the claim based upon Assembly Bill 333. [Doc. No. 43 at 3.] As correctly noted by Judge Burkhardt, this claim was not properly exhausted but, even if it was exhausted, it did not raise a colorable claim. [Doc. No. 42 at 46.] In his objections, Petitioner also argues the Magistrate Judge misconstrued *United States v. Garcia*, 151 F.3d 1243, 1247 (9th Cir. 1998), because the excerpted language only applies "in some cases." [Doc. No. 43 at 4.] However, the Magistrate Judge correctly noted that "evidence of gang membership **may** help to link gang members to [an illegal] objective." *Id*. at 1247 (emphasis added). Moreover, as noted by the Magistrate Judge, the Court of Appeals reasonably found that there was ample evidence to support the jury's finding and was not limited to Petitioner's membership in a gang. [Doc. No. 42 at 49.] Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claim One.

In Claim Four, Petitioner argues that his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments was violated because the People failed to present sufficient evidence to sustain his convictions for attempted murder (Counts 2 and 3) and assault with a semi-automatic firearm (Counts 4 and 5). [*Id.* at 26-29.] In his objections, Petitioner merely reiterates his previous arguments. As Judge Burkhardt correctly analyzed, however, the Court of Appeal's rejection of this claim was not objectively unreasonable, as a rational trier of fact could have found beyond a reasonable doubt that Petitioner was guilty of attempted murder and assault with a semi-automatic firearm, based upon Petitioner's actions and all the circumstances surrounding the shooting. [Doc. No. 42 at 27.] Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claim Four.

B. Claims Two and Three:

In Claim Two, Petitioner argues that he was denied his federal due process rights in violation of the Fifth, Sixth, and Fourteenth Amendments where the jury was permitted to consider overt acts after the conspiracy terminated and overt acts that were not proven

to support Count 1. [Doc. No. 30-1 at 21-23.] In his objections Petitioner argues that while the Magistrate Judge acknowledged the "lack of evidence presented to support the overt acts [15 and 44], she declined to acknowledge that it follows that it would be inappropriate for a jury to convict based on those acts. [Doc. No. 43 at 6.] As noted by the Magistrate Judge and the Court of Appeal, because the jury was instructed that the People were required to prove the commission of at least one overt act, the jurors could not have relied on these two overt acts to support the conspiracy convictions; thus inclusion of those overt acts did not, by itself, violate due process. [Doc. No. 42 at 68.] Accordingly, the Court adopts the Report, overrules the objections, and denies the Petition as to Claim Two.

In Claim Three, Petitioner argues that he was denied his federal due process rights in violation of the Fifth, Sixth, and Fourteenth Amendments when the jury was instructed using CALCRIM 418. [Doc. No. 30-1 at 23-26.] In his objections, Petitioner argues that the trial court's use of the language "specifically otherwise" when referring to an exception of the beyond reasonable doubt standard did, in fact unconstitutionally lower the burden of proof in Petitioner's case. [Doc. No. 43 at 6.] As correctly noted by the Magistrate Judge, the trial court's single discussion of the preponderance standard for the People was limited to the circumstances under which the jury could consider the co-conspirator statements; otherwise, the jury was repeatedly instructed that the standard was beyond a reasonable doubt as to Petitioner's guilt. [Doc. No. 42 at 62.] Therefore, there was no due process violation. Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claim Three.

C. Claim Five:

In Claim Five, Petitioner argues he was denied his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments due to the cumulative prejudicial effect of the above errors. [Doc. No. 30-1 at 29-30.] In his objections, Petitioner argues that "Petitioner's trial counsel repeatedly failed, at all stages of the proceedings, to

investigate the available evidence and witnesses" and the cumulative effects of such errors was prejudicial to him. [Doc. No. 43 at 6.]  However, this argument was not raised to the Magistrate Judge regarding this claim.  Moreover, as correctly noted by the Magistrate Judge, because there have been no errors, this Court need not address the "cumulative effect" of such alleged errors. [Doc. No. 42 at 69.]  Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claim Five.

    D. Claims Six and Seven – Procedural Default:

In Claim Six, Petitioner argues that he was denied his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments due to ineffective assistance of trial counsel. [Doc. No. 30-1 at 31-33.]  In Claim Seven, Petitioner argues that he was deprived of his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments due to prosecutorial misconduct. [Doc. No. 30-1 at 39-41.]  However, as the Magistrate Judge correctly analyzed, these claims are procedurally defaulted. [Doc. No. 42 at 75.]  In his objections, Petitioner disagrees with the Magistrate Judge's conclusions, but fails to respond to the procedural default analysis and merely reiterates arguments about trial counsel's alleged failures. [Doc. No. 43 at 7.]  Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claims Six and Seven because they are procedurally defaulted.

    E.  Claim Six:

In Claim Six, Petitioner argues that he was denied his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments due to ineffective assistance of trial counsel. [Doc. No. 30-1 at 31-33.] The Magistrate Judge correctly concluded that Court of Appeal's decision on this claim was not contrary to, nor an unreasonable application of

7

21cv1763-CAB-JLB

the *Strickland*[2] standard, as counsel's conduct fell within the wide range of reasonable professional assistance. [Doc. No. 42 at 80.]  In his objections, Petitioner merely reiterates his previous arguments. [Doc. No. 43 at 8.] Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claim Six.

F.  Claim Seven:

In Claim Seven, Petitioner argues that he was deprived of his federal right to due process under the Fifth, Sixth, and Fourteenth Amendments due to prosecutorial misconduct. [Doc. No. 30-1 at 39-41.]  The Magistrate Judge found that the Court of Appeal's rejection of the prosecutorial misconduct claim was not contrary to, or based on an unreasonable application of, clearly established federal law; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. [Doc. No. 42 at 88.]  In his objections, Petitioner reiterates his concerns regarding Tiana Jasicki's identification of Petitioner as the shooter. [Doc. No. 43 at 9.]  As correctly noted by the Magistrate Judge, there was no showing of prosecutorial misconduct because the totality of the circumstances indicates there was no substantial likelihood of misidentification, and there was no evidence the prosecutor knowingly or intentionally elicited inadmissible evidence. [Doc. No. 42 at 87.] Accordingly, the Court adopts the Report, overrules the objections, and denies the petition as to Claim Seven.

**III. Petitioner's Request for an Evidentiary Hearing**

In his Petition, Petitioner requests an evidentiary hearing. Section 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir.1999). Section 2254(e)(2) provides:

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

As the magistrate judge correctly noted, there is a sufficient factual basis in the record to resolve Petitioner's claims. The Court therefore **DENIES** Petitioner's request for an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

## CONCLUSION

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or

was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The Court hereby: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Amended Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  March 18, 2025

Hon. Cathy Ann Bencivengo
United States District Judge